**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHOSHANA SMITH, individually and on behalf of
all others similarly situated,

                    Plaintiff,

        v.

LUMIO HX, INC. and
ATLANTIC KEY ENERGY, LLC,

            Defendants.

Case No.: 2:23-cv-849-SPC-KCD

**DEFENDANT LUMIO HX, INC.'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Lumio HX, Inc. (Lumio), by and through its undersigned counsel, hereby submits this Answer and Affirmative Defenses to the First Amended Class Action Complaint (the Complaint) of Plaintiff Shoshana Smith.

Except as otherwise affirmatively stated below, Lumio denies the allegations of the Complaint. The Complaint contains preliminary unnumbered paragraphs, section titles, headings, and footnotes to which no response is required; to the extent any response is required, denied.

**AS TO "NATURE OF THE ACTION"**

1.     Denied. This paragraph purports to quote from a document that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

2.     Denied. This paragraph purports to quote from a document that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or

information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

3.      Denied. This paragraph purports to characterize a document that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

4.      Denied. This paragraph purports to characterize a document that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

5.      Denied. This paragraph purports to characterize a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

6.      Denied.  This paragraph purports to characterize a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

7.      Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

8.     Denied. This paragraph purports to characterize a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

9.     Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

10.     Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

11.     Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio acquired certain assets of defendant Atlantic Key Energy, LLC (AKE) on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

12.     Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

13.     Denied. This paragraph purports to quote from a video that speaks for itself. Any characterization thereof in this paragraph is denied. Further, Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

14.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

15.     Admitted in part and denied in part. Admitted that on September 25, 2021, Gary Smith entered into a Sales Agreement with defendant AKE for the installation of residential solar panels. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

16.     Admitted in part and denied in part. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

17.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

18.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. The allegations are therefore denied.

19.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. The allegations are therefore denied.

20.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. The allegations are therefore denied.

21.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. The allegations are therefore denied.

22.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. Additionally, this paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

23.     Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. Additionally, this paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

24.     Denied. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

25.     Admitted in part and denied in part. Admitted only that Plaintiff's solar panels were not producing power as of January 2022. After reasonable investigation, Lumio is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the remaining allegations are denied.

26.     Admitted in part and denied in part. Admitted only that Plaintiff's solar panels were not producing power as of May 2022 and that Plaintiff's electric utility provider bill for May 2022 appears to show an interconnection charge. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the remaining allegations are denied.

27.     Admitted.

28.     Denied.

29.     Admitted in part and denied in part. Admitted only that Plaintiff's solar panels first began producing power on August 15, 2022. The remaining allegations are denied. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

30.     Admitted. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

31.     Admitted in part and denied in part. Admitted that on or around April 17, 2023, Plaintiff informed Lumio that the solar panels were not functioning and scheduled a service call. The remaining allegations are denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative.

32.     Admitted in part and denied in part. Admitted only that on or around April 18, 2023, Plaintiff's solar panels were producing energy. The remaining allegations are denied.

33.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

34.     Admitted in part and denied in part. Admitted that Plaintiff's solar panels were serviced and producing energy on or about June 8, 2023. Further admitted that Plaintiff's solar panels were detached on or about July 6, 2023. The remaining allegations in this paragraph are denied.

35.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

36.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

37.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

38.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

39.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

40.     Admitted in part and denied in part. Admitted that the charge for re-installation of the solar panels was $9,600. Denied that Plaintiff paid that amount in full. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

41.     Admitted in part and denied in part. Admitted that Plaintiff's solar panels were scheduled to be serviced on September 28, 2023. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the remaining allegations are denied.

42.     Admitted in part and denied in part. Admitted that Plaintiff's solar panels passed inspection in or around January 2022, and that the system was detached on or about July 6, 2023. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, the remaining allegations are denied. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

43.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

44.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff

attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

45.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

46.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

## AS TO "PARTIES"

47.    Denied. Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

48.    Admitted in part and denied in part. Admitted that on September 25, 2021, Gary Smith entered into a Sales Agreement with defendant AKE for the installation of residential solar panels. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

49.    Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

50.    The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. To the extent a response is required, denied.

51.     The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. To the extent a response is required, denied.

52.     The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. To the extent a response is required, denied. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied.

53.     Admitted in part and denied in part. Admitted only that Lumio entered into an asset purchase agreement with Defendant AKE in December 2021. Except as otherwise admitted, all remaining allegations of this paragraph are denied.

54.     Admitted.

55.     The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. To the extent a response is required, denied, except that admitted that AKE's name appears on the Agreement.

56.     Admitted in part and denied in part. Admitted that since its execution of an asset purchase agreement with Defendant AKE in December 2021, Lumio has responded to calls and emails from certain customers who purchased solar energy systems from Defendant AKE. All remaining allegations of this paragraph are denied.

57.     Admitted in part and denied in part. Admitted that Lumio has communicated with Plaintiff on multiple dates regarding service calls for her solar energy system. All remaining characterizations of those communications are denied.

## AS TO "JURISDICTION AND VENUE"

58.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

59.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

60.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

61.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied. Further, because Plaintiff makes no attempt to distinguish between the individual actions of each Defendant, the allegations of this paragraph are denied as phrased.

## AS TO "FACTS COMMON TO ALL COUNTS"

62.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

63.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

64.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

65.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

66.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

67.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

68.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

69.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

70.     Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

71.     Denied.

72.     Denied.

73.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

74.     Denied. The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. To the extent a response is required, denied.

75.     Denied. The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. To the extent a response is required, denied.

76.     Denied. The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. To the extent a response is required, denied.

77.     Denied. The allegations of this paragraph are not directed against Lumio and, therefore, no response is required. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. To the extent a response is required, denied.

78.     Denied. This paragraph contains conclusions of law to which no response is required. Further, the content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

79.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied.

80.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

81.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

82.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

83.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

84.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

85.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

86.    Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

87.    Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

88.    Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

89.    Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied.

Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

90.     Denied. The content of the referenced website, including the response, if any, to the quoted language, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

91.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

92.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

93.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent

Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

94.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

95.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

96.     Denied. The content of the referenced website speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

97.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

98.     Denied. The content of the referenced website, including the response, if any, speaks for itself. Any characterization thereof in this paragraph is denied. Further, to the extent

Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased. Lumio acquired certain assets of defendant AKE on or about December 10, 2021, and is without knowledge or information sufficient to form a belief as to the truth of allegations relating to AKE's conduct before that date. The allegations are therefore denied.

99.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

### AS TO "TOLLING OF THE STATUTE OF LIMITATIONS"

100.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

101.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

102.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

103.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

104.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

105.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

106.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

107.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

108.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

109.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

110.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

111.     Denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

112.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

113.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

## AS TO "CLASS ACTION ALLEGATIONS"

114.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

115.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

116.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

117.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

118.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

119.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

120.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

121.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

122.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

123.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

124.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

125.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

126.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied.

127.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

128.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

## AS TO "COUNT I"

129.     Lumio reasserts and incorporates by reference its answers to the allegations of the Complaint as though the same were set forth at length here.

130.     Lumio admits only that Plaintiff purports to seek relief as set forth in this paragraph. All remaining allegations in this paragraph are denied.

131.    Admitted in part and denied in part. Admitted that on September 25, 2021, Gary Smith entered into a Sales Agreement with defendant AKE for the installation of residential solar panels. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. All remaining allegations of this paragraph are denied, including those relating to a putative class.

132.    Admitted in part and denied in part. Admitted that on September 25, 2021, Gary Smith entered into a Sales Agreement with defendant AKE for the installation of residential solar panels. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. All remaining allegations of this paragraph are denied, including those relating to a putative class.

133.    Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

134.    Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

135.    Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied.

136.    Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself.

Any characterization thereof in this paragraph is denied. Additionally, this paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

137.    Denied. Lumio was not a party to the Agreement and made no representations in the Agreement. Further, this paragraph purports to quote from a contract that speaks for itself. Any characterization thereof in this paragraph is denied. Additionally, this paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

138.    The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

139.    Denied.

140.    Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied. By way of further response, Lumio subsequently reimbursed Plaintiff for the cost of her solar panel loan payments during months in which her solar panels were inoperative for warranty-covered reasons.

141.    Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

142.    Denied. After reasonable investigation, Lumio is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, the allegations are denied.

143.    Denied.

144.     The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, denied.

## AS TO "COUNT II"

145.     Lumio reasserts and incorporates by reference its answers to the allegations of the Complaint as though the same were set forth at length here.

146.     Lumio admits only that Plaintiff purports to seek relief as set forth in this paragraph. All remaining allegations in this paragraph are denied.

147.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

148.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

149.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

150.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

151.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

152.     The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, denied. Further, to the extent Plaintiff attributes conduct to Defendants collectively and not individually, the allegations of this paragraph are denied as phrased.

## AS TO "PRAYER FOR RELIEF"

Lumio denies that Plaintiff is entitled to any relief, either that which is requested or otherwise.

## AS TO "JURY DEMAND"

Lumio does not concede that Plaintiff is entitled to a jury trial.

*****

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to a binding arbitration agreement. As such, Lumio reserves its right to compel arbitration of Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from relief against Lumio inasmuch as any alleged harm suffered by Plaintiff was not in fact or proximately caused by any act or omission of Lumio.

25

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, Plaintiff failed to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Any and all damages sustained by Plaintiff is the direct result of her own actions or omissions or the acts or omissions of unrelated third parties over which Lumio has no control, or right to control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or release.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of acquiescence or consent.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of substantial performance.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrines of impossibility of performance, impracticability of performance, and frustration of purpose.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of payment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to join necessary and indispensable parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are divisible, such that the imposition of joint and several liability is improper.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any damages sustained, if any, are speculative, and/or to the extent that it is impossible to ascertain any alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Lumio reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments of this case.

**WHEREFORE**, Lumio denies any liability whatsoever, denies Plaintiff is entitled to any damages, costs, fees or other relief from or against Lumio, and demands judgment dismissing Plaintiff's Complaint with prejudice, together with such other relief, including costs and attorneys' fees, as the Court deems just and proper.

Dated:  December 1, 2023                    Respectfully submitted,

*/s/ Thomas F. Burke*
Thomas F. Burke
*Admitted Pro Hac Vice*
John C. Grugan
*Pro Hac Vice Forthcoming*
Jenny N. Perkins
(Florida Bar No. 0077570)

BALLARD SPAHR LLP
1735 Market Street, 51st FL
Philadelphia, PA 19103
Telephone: (215) 864-8463
Facsimile: (215) 864-8999
burket@ballardspahr.com
gruganj@ballardspahr.com
perkinsj@ballardspahr.com

*Attorneys for Defendant Lumio HX, Inc.*