UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SHOSHANA SMITH, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUMIO HX, INC. and ATLANTIC KEY ENERGY, LLC,<br><br>Defendants. | Case No. 2:23-cv-849-SPC-KCD |

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT ATLANTIC KEY ENERGY, LLC PURSUANT TO LOCAL RULE 1.10(b) AND RULE 55(a) AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff, who by and through the undersigned counsel, hereby files her Motion for Entry of Clerk's Default against Defendant Atlantic Key Energy, LLC, Pursuant to Local Rule 1.10(b) and Fed R. Civ. P. 55(a) and Incorporated Memorandum of Law, and states the following:

1. Plaintiff is the putative class representative for a Nationwide or State Class comprised of consumers who contracted with Defendants Lumio Hx, Inc. ("Lumio") and Atlantic Key Energy, LLC ("AKE"), for the purchase and installation of residential solar energy systems. *See generally* Plaintiff's First Amended Class Action Complaint, Doc. [12].

2. Plaintiff alleges that Defendants systemically, repeatedly, and continually 1) failed to install solar energy systems ("PV systems") that are operable and produce energy; and/or 2) failed to honor warranties for roof damage and water infiltration caused by the installation of the PV systems. *See id.* at ¶¶45, 67, and 138.

3. Plaintiff further alleges that as a result of Defendants' wrongful conduct, Plaintiff and the Class have uniformly suffered quantifiable financial harm in the amount 1) paid to their electric utility providers for energy that their PV systems would have produced if the systems had been operable and producing energy and/or 2) paid to repair their roofs and remove and re-install the PV systems incidental to roof repairs. *See id.* at ¶¶46, 72 and 143.

4. On October 6, 2023, Counsel for Plaintiff filed the Complaint that initiated this action. *See generally* Plaintiff's Class Action Complaint, Doc. [1].

5. Also on October 6, 2023, Counsel for Plaintiff filed proposed summonses to be served on Defendants AKE and Lumio. *See generally* Docs. [1-2] and [1-3].

6. On October 10, 2023, this Court issued summonses for Defendants AKE and Lumio. *See generally* Doc. [4].

7. On October 12, 2023, Defendants AKE and Lumio were properly served with summonses and the original complaint in this action. *See generally* Returns of Service, Docs. [18] and [19].

8. Fed. R. Civ. P. 12(a)(1)(A) provides that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint." *See* Fed. R. Civ. P. 12(a)(1)(A).

9. Excluding the day proper service of process was effected on Defendants on October 12, 2023, which was the day that triggered the event under Fed. R. Civ. P. 6(a)(1)(A), Defendants' answers were due 21 days later on November 3, 2023. *See* Fed. R. Civ. P. 6(a)(1)(A) and 12(a)(1)(A).

10. On Friday, October 27, 2023, Counsel for Defendant Lumio requested a 30-day extension to respond to the First Amended Complaint filed on October 13, 2023, but **solely** for Defendant Lumio:

> **From:** Burke, Thomas F. <BurkeT@ballardspahr.com>
> **Sent:** Friday, October 27, 2023 12:49:01 PM
> **To:** Louis Gonzalez <louis@vargasgonzalez.com>
> **Cc:** Perkins, Jenny N. <PerkinsJ@ballardspahr.com>
> **Subject:** Smith v. Lumio HX, Inc., et al., No. 2:23-cv-849
>
> Counsel,
>
> My colleague Jenny Perkins and I represent Lumio HX, Inc. for purposes of the above-captioned matter. My pro hac application is being prepared. Would you please let us know if you consent to a 30-day extension for us to respond to the amended complaint filed on October 13?

3

Thank you,

Tom

Thomas F. Burke
He/Him/His

**Ballard Spahr** LLP

11. On Monday, October 30, 2023, Counsel for Plaintiff agreed to the 30-day extension requested by Counsel for Defendant Lumio:



Louis Gonzalez   Oct 30, 2023, 8:15 PM
to Thomas, Jenny, Andrew, Matthew

No objection to the extension request.

Thank you,

Louis A. Gonzalez, Esq.
Vargas Gonzalez Baldwin Delombard, LLP
Telephone: (407) 603.7940
Facsimile: (407) 603.7943
Email: Louis@VargasGonzalez.com
www.VargasGonzalez.com

12. On October 31, 2023, Counsel for Defendant Lumio entered their appearance **solely** for Defendant Lumio. *See generally* Notice of Appearance and Request for Service of Papers. [Doc. 13].

13. To date, more than one month after the November 3, 2023 deadline to respond to the Complaint, Defendant AKE has not served an answer nor has

Defendant AKE asked for an extension. In fact, Counsel for Plaintiff are unaware of the identities of the attorneys or law firm representing Defendant AKE.

14. Pursuant to Local Rule 1.10(b), "[w]ithin twenty-eight days after a party's failure to plead or otherwise defend, a party entitled to a default must apply for the default." M.D. Fla. L.R. 1.10(b).

15. A party must first file a motion for entry of default before seeking default judgment as required by M.D. Fla. L.R. 1.10(b). *B2b4e Investment Holdings, Inc. v. Adaptiv Research & Development, LLC*, No. 6:23-cv-121, 2023 WL 3751601, at *1 (M.D. Fla. Apr. 19, 2023).

16. Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Scottsdale Indemnity Company v. 1st Choice Title, LLC*, No. 2:21-CV-36, 2021 WL 5926167, at *1 (M.D. Fla. Nov. 23, 2021) citing Fed. R. Civ. P. 55(a). "Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof." *See id.* citing Fed. R. Civ. P. 4(l)(1).

17. Fed. R. Civ. P. 4(h) provides that a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

>B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h)(1)(B).

18. Fla. Stat. § 48.081(2) provides:

>(2) A domestic corporation or registered foreign corporation may be served with process required or authorized by law by service on its registered agent designated by the corporation under chapter 607 or chapter 617, as applicable.

Fla. Stat. § 48.081(2).

19. In summary, "process may be served on a registered agent of the corporation, **or an employee of the registered agent**." *Phoenix Entertainment Partners, LLC v. Hogbodys of North Ft. Myers, LLC*, No. 2:16-cv-106, 2016 WL 9526455, at *1 (M.D. Fla. 2016)(emphasis added).

20. The Florida Department of State, Division of Corporations website lists Defendant AKE's registered agent as the following:

**Registered Agent Name & Address**

C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

*See* Atlantic Key Energy, LLC Division of Corporations screenshot attached as Exhibit 1.

6

21. Citing the server's affidavit in the Return of Service for Defendant AKE, the process server, Carlos Vila Escobar, affirmed that he served "Dona Moch as Supervisor of Process for Ct Corporation System" at "1200 S. Pine Island Road, Plantation, FL 33324":

> I, Carlos Vila Escobar, do hereby affirm that on the **12th day of October, 2023** at **10:30 am**, I:
>
> served a **CORPORATION** by delivering a true copy of the **Summons In a Civil Action; Class Action Complaint.** at **1200 S. Pine Island Road, Plantation, FL 33324** with the date and hour of service endorsed thereon by me, to: **Dona Moch** as **Supervisor Of Process** for **Ct Corporation System, REGISTERED AGENT** on behalf of **Atlantic Key Energy, LLC** and informing said person of the contents therein, in compliance state statutes.

*See* Return of Service, Doc. [18], p. 1.

22. Fed. R. Civ. P. 4(l)(1) further provides that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

23. As set for above, Counsel for Plaintiff filed a Return of Service that demonstrably shows the server's affidavit, affirming that service of the summons and original complaint in this action were properly effected by serving the Supervisor of Process, Dana Moch, of Defendant AKE's registered agent, CT Corporation System. *See generally* Return of Service, Doc. [18].

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Entry of Clerk's Default Against Defendant Atlantic Key Energy, LLC and for such further relief that is reasonable and just.

By: */s/Louis A. Gonzalez, Esq.*
**Louis A. Gonzalez, Esq.**
Fla. Bar. No.: 84213
VARGAS GONZALEZ
BALDWIN DELOMBARD, LLP.
2745 West Fairbanks Ave.
Winter Park, FL 32789
Phone: (407) 603.7940
Fax: (407) 603.7943

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023 I electronically filed the within and foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the counsel of record.

By: */s/Louis A. Gonzalez, Esq.*
**Louis A. Gonzalez, Esq.**
Fla. Bar. No.: 84213
VARGAS GONZALEZ
BALDWIN DELOMBARD, LLP.
2745 West Fairbanks Ave.
Winter Park, FL 32789
Phone: (407) 603.7940
Fax: (407) 603.7943
E-mail: Louis@VargasGonzalez.com
Service E-mail:
Centralpleadings@Vargasgonzalez.com